76 F.3d 394
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steven E. WILLIAMS, Plaintiff-Appellant,
v.
Shirley S. CHATER,[1] Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 95-7057.
 United States Court of Appeals, Tenth Circuit.
 Feb. 12, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT,[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P.
 
 
 2
 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals from a district court order affirming the Secretary's decision to deny his application for social security benefits. As explained below, we hold that the Secretary's determination is, at present, based on insubstantial evidence reflecting the use of incorrect legal standards and, therefore, we must reverse and remand for further proceedings. See Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994)(stating standard of judicial review for social security determinations).
 
 
 4
 Based on plaintiff's muscular-skeletal problems, including a fractured thoracic vertebrae in 1989 and recurrent lumbar sprain necessitating emergency room treatment in 1990 and a two-week hospital stay in traction in 1992, the administrative law judge found a severe impairment limiting plaintiff's residual functional capacity (RFC) to sedentary work, with the additional restriction that he be allowed to sit or stand at will to relieve pain. The ALJ further determined that while plaintiff could not return to his past relevant work, he could still perform the jobs identified by a vocational expert and, accordingly, concluded plaintiff was not disabled at step five of the controlling sequential analysis. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir1988)(explaining five-step analysis set out in 20 C.F.R. 404.1520, 416.920).
 
 
 5
 Central to this appeal is a report of plaintiff's 1992 hospitalization signed by his treating physician, Dr. Hayes, which concludes with the following admonition: "[Plaintiff] is to continue on an outpatient basis for physical therapy and he is to return to the office in 6 days for follow-up evaluation. He is to avoid any lifting, bending, stooping and he was given instructions concerning his activity prior to discharge." R. II at 116-17 (emphasis added). Plaintiff premises several interrelated contentions of error on the underscored restrictions[3]: (1) this medically uncontroverted evidence of functional impairment undermines the ALJ's finding that plaintiff can perform a full range of sedentary work (with only the sit/stand restriction);[4] (2) by ignoring these restrictions, the ALJ violated established principles regarding the opinions of treating physicians; (3) the vocational expert's testimony was deficient because he was never required to account for these restrictions; and (4) in light of the questions raised by the foregoing contentions of error, the administrative record should at least be considered insufficiently developed to permit a conclusive finding of nondisability, thus necessitating a remand for further proceedings if not for an award of benefits.
 
 
 6
 Although the ALJ noted at the outset of his decision that plaintiff had been advised not to bend, stoop, or lift, he tacitly discounted any such limitations without specifically addressing Dr. Hayes' report. Indeed, the ALJ did not even mention the two weeks of hospitalized traction summarized therein, which prompted the restrictions. We have repeatedly stressed that the ALJ "must give specific, legitimate reasons for disregarding the treating physician's opinion." Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir.1995); Reyes v. Bowen, 845 F.2d 242, 245 (10th Cir.1988); Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984). Here, the ALJ did not give Dr. Hayes' report "the detailed and specific review that the agency's own regulation requires." Goatcher, 52 F.3d at 290. We emphasize that this is not a technical, formalistic error: there is at present no medical evidence in the record contradicting the restrictions imposed by Dr. Hayes.
 
 
 7
 Under such circumstances, we would ordinarily consider the treating physician's opinion controlling with respect to the cited physical restrictions, see Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir.1994), and hold that the failure to include them in the hypothetical posed to the vocational expert was a fatal error to be corrected by a more thorough hypothetical on remand, see Evans v. Chater, 55 F.3d 530, 532 (10th Cir.1995). However, the matter is a bit more complicated here. First of all, the restrictions are arguably ambiguous. That is, given their proximity in the report to other therapeutic directions that were clearly meant to be temporary and subject to early reevaluation, it may well be that these restrictions, although expressed in unqualified terms, were likewise intended only as immediate post-hospitalization precautions and not as permanent (or indefinite) prohibitions. While a remand is necessary, in any event, to clarify this critical point, see Baker v. Bowen, 886 F.2d 289, 291 (10th Cir.1989), we do not wish to indirectly presume or preempt any particular answer by specifying the content of the hypothetical to be posed to the vocational expert, see Evans, 55 F.3d at 532 (where physical restriction is suggested but its significance, if any, is unclear, latter "remains for the administrative tribunal, rather than this appellate court, to determine [on remand]").
 
 
 8
 Moreover, even if the restrictions had been unambiguously long-term, we still would not know whether, over the course of plaintiff's post-hospitalization care, Dr. Hayes might have modified them upon reevaluation, given the opportunity. It might also be that a second medical opinion, based on additional and more recent examination, would have warranted some deviation from Dr. Hayes' initial absolute restrictions. Unfortunately, following plaintiff's discharge from the hospital in October 1992, his straitened circumstances evidently did not allow for further medical attention which might have generated the documentation necessary to confirm or reject such speculation. Nor did the Secretary order a consultative examination for this purpose. Consequently, the present medical record is simply not complete enough to permit definitive conclusions regarding the (continuing) validity of the restrictions imposed by Dr. Hayes.
 
 
 9
 In this regard, however, we emphasize that "the focus of this appeal is on step five, where the burden shifted to the Secretary to establish that, in light of plaintiff's [RFC] ..., [he] could still perform other jobs...." Ragland v. Shalala, 992 F.2d 1056, 1057 (10th Cir.1993). "Because it is the Secretary who at this stage in the evaluative sequence bears the burden of demonstrating plaintiff's ability to perform the full range of sedentary work, the evident incompleteness of the medical record--which supports plaintiff as far as it goes--weighs heavily against the Secretary." Id. at 1058 (footnote omitted). To discount Dr. Hayes' restrictions based on the lack of any subsequent medical evidence (re)confirming them would "effectively shift[ ] the burden back to the claimant," contrary to established step-five standards. Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir.1993)(absence of evidence does not carry Secretary's affirmative burden at step five; Secretary should have ordered consultative examination where record was insufficient to specify claimant's RFC); see also Evans, 55 F.3d at 532 (further factual development required where record could not support any particular finding of functional limitation).
 
 
 10
 Finally, we recognize that the ALJ did generally assess and reject plaintiff's complaints of pain under the controlling criteria from Social Security Ruling (SSR) 88-13, 1988 WL 236011 (July 20, 1988),[5] and Luna v. Bowen, 834 F.2d 161, 165 (10th Cir.1987). However, complying with the responsibilities imposed with respect to the assessment of pain allegations cannot suffice to fulfill the independent requirements for proper analysis of a treating physician's opinion regarding specific functional limitations. See Evans, 55 F.3d at 532 & n. 2.
 
 
 11
 The following passage clarifying the remand order issued by this court in the Evans case is equally apt here:
 
 
 12
 Accordingly, this case must be remanded for additional proceedings, including further development of the record regarding the functional component of plaintiff's [impairment]. We do not intend here to rule out the possibility that additional, substantial evidence could ultimately demonstrate that the degree of impairment involved is either medically de minimus or vocationally inconsequential. On the present record, however, no such finding is sustainable.
 
 
 13
 Id. at 532.
 
 
 14
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the cause is REMANDED to the district court with directions to remand, in turn, to the Commissioner for further proceedings consistent with this order and judgment.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [3]
 In light of our disposition of this appeal on the grounds listed above, we need not reach plaintiff's other contentions
 
 
 [4]
 Sedentary work requires the ability to lift up to "10 pounds at a time." 20 C.F.R. 404.1567(a), 416.967(a). Moreover, "some stooping [and bending] ... is required to do almost any kind of work." Social Security Ruling 85-15, 1985 WL 56857, at * 7 (1985)(sedentary job base unaffected if claimant "can stoop occasionally (from very little to one-third of the time) in order to lift objects")
 
 
 [5]
 SSR 88-13 has been superseded by regulatory codification, as explained in SSR 95-5p, 1995 WL 670415 (Oct. 31, 1995)