**Dorothy J. BAKER, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of the Department of Health & Human Services, Defendant–Appellee.**

No. 88–2865.

United States Court of Appeals, Tenth Circuit.

Sept. 27, 1989.

Richard C. Howard, Muskogee, Okl., for plaintiff-appellant.

Roger Hilfiger, U.S. Atty., Donald A. Gonya, Chief Counsel for Social Security, Randolf W. Gaines, Deputy Chief Counsel for Social Security, A. George Lowe, Chief, Disability Litigation Branch, Nigel Jamieson, with the Office of the General Counsel, Social Security Div., Dept. of Health and Human Services, for defendant-appellee.

Before MOORE, ANDERSON, and BRORBY, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R.

34.1.9. The cause is therefore ordered submitted without oral argument.

Dorothy J. Baker appeals a determination by the Secretary of Health and Human Services, as affirmed by the district court, that she is not disabled for the purposes of Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383c (1982 & Supp. IV 1986). The Secretary, acting through an administrative law judge (ALJ), determined that there was no definitive medical evidence that Mrs. Baker was suffering from a disabling impairment. Mrs. Baker now appeals, arguing that the Secretary failed to consider certain x-rays which indicated that she suffered from degenerative arthritis and that the Secretary's decision was not supported by substantial evidence. We reverse and remand for additional proceedings by the Secretary.

Mrs. Baker filed her application for SSI benefits on February 13, 1986. At the time of her application, she was fifty-nine years old. Mrs. Baker has an eleventh grade education and has previously worked as a child care attendant, cashier, and store employee. Her most recent employment was as a nurse's aide, where she provided medication and direct care for patients at a nursing home. Mrs. Baker left her job as a nurse's aide in August, 1984, because she could no longer handle the physical requirements of her position.

On her application for disability benefits, Mrs. Baker stated that she was suffering from painful arthritis, diminished use of her hands, numbness in her legs and feet, balance difficulties, incontinence, gastritis, glaucoma, anxiety and other ailments. She also indicated that she had undergone sixteen surgeries in recent years, including a radical mastectomy for cancer of the left breast, after which she refused chemotherapy treatment due to concern over its cost. Medical records relating to Mrs. Baker's surgery for breast cancer were provided to the Secretary, including certain x-ray reports of her spine.

Although she requested her treating physician, Dr. Robert Smith, to provide her medical records to the Secretary, he failed to do so. The Secretary then made two written requests to Dr. Smith for these documents, and again he failed to comply. No further action was taken by the Secretary to secure these records; however, the Secretary did order consultative examinations by an internist and a psychiatrist.

Mrs. Baker's application for benefits was denied on September 12, 1986, and her request for reconsideration by the Appeals Council was similarly denied. Mrs. Baker thereafter requested a hearing on her application, which was held before the ALJ on April 20, 1987. Mrs. Baker testified as to the pain she experienced while on her feet and sitting, her problems writing and holding objects, and the limitations on her daily activities caused by her ailments and the fact that her husband was terminally ill. Mrs. Baker's neighbor, Ms. Lila Gregory, confirmed that Mrs. Baker required assistance with household chores, that she was often falling down and dropping things, and that she experienced strong pain after the consultative examination, during which the examining physician passively moved her extremities.

On May 20, 1987, the ALJ issued his decision denying Mrs. Baker SSI benefits. The ALJ concluded that

[a] review of the evidence in this file shows claimant currently alleges she could not engage in any type of work activity on a sustained basis due to constant pain and swelling in back, shoulders, arms, hands, fingers, hips, knees, and feet caused by arthritis [and due to other ailments]. There are no x-rays in this file or laboratory data to support a diagnosis of arthritis and examination by a physician on August 28, 1986, showed no evidence of swelling, heat, or redness in any joint. There is no definitive diagnostic testing to confirm numbness in the legs and feet and ... there is no medical evidence in this file to suggest she has ever sought or required medical treatment for injuries suffered in [her] alleged frequent falls. Claimant alleges she is unable to lift heavy objects, oppose her thumb to her fingertips, or hang on to items, however, the file clearly shows

she does all of her own housework and cooking and is required to care for a seriously ill husband 24–hours a day. Vol. II at 16. The ALJ also noted in his findings that consultative examinations were required because no medical evidence was provided by Mrs. Baker or her physician concerning her current impairments. The ALJ then concluded that objective medical evidence did not support Mrs. Baker's claim that her pain and impairments originated from a medically determinable disability. The ALJ's determination of non-disability was thereafter upheld by the district court.

Mrs. Baker raises several arguments in this appeal. First, she contends that, as a matter of law, the Secretary erred in failing to consider the x-rays taken prior to Mrs. Baker's mastectomy which indicated that there had been degenerative changes of Mrs. Baker's mid lumbar spine. She also claims that the Secretary erred by failing to assemble a complete record as to her disability. Finally, Mrs. Baker asserts that, even without the x-rays and other data which could have substantiated her claimed impairments, there was other objective medical evidence of record to support a finding of disability and that the Secretary's decision that she was not disabled was therefore not supported by substantial evidence. We do not reach this issue, as we conclude that the Secretary erred by not considering relevant medical evidence and by failing to order certain medical tests and records.

The Social Security Act provides that, in considering whether a person is disabled under Title II, "[o]bjective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques ... *must* be considered in reaching a conclusion as to whether the individual is under a disability." 42 U.S.C. § 423(d)(5)(A) (Supp. IV 1986) (emphasis added). This requirement equally applies to disability determinations for the purposes of SSI benefits. *Id.* § 1382c(a)(3)(G). Thus, the Act makes clear that the Secretary must consider all relevant medical evidence of record in reaching a conclusion as to disability. *See Ray v. Bowen*, 865 F.2d 222, 226 (10th Cir.1989) ("[t]he ALJ must determine the claimant's eligibility for disability benefits in light of the entire record"); *Herbert v. Heckler*, 783 F.2d 128, 130 (8th Cir.1986) (it is insufficient that there are inconsistencies in objective medical evidence to support the Secretary's denial of benefits, "[t]he Secretary must demonstrate that she *evaluated all* the evidence").

In this case, we cannot be certain that the ALJ took into consideration Mrs. Baker's pre-mastectomy x-rays. His findings state that "[t]here are no x-rays in this file or laboratory data to support a diagnosis of arthritis," Vol. II at 16, and there is no further discussion of the x-rays in the remainder of his report. The Secretary argues that, while the ALJ's statement as to the lack of x-rays is ambiguous, "[i]t is reasonable, however, to infer that he may have meant that there was no x-ray evidence to support a claim for disabling arthritis, rather than there was no x-ray at all." Brief of Defendant–Appellee at 11 n. 2. We may not engage in such speculation. "There are specific rules of law that must be followed in weighing particular types of evidence in disability cases," and the failure to follow these rules is reversible error. *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir.1988). Where the record on appeal is unclear as to whether the ALJ applied the appropriate standard by considering all the evidence before him, the proper remedy is reversal and remand. *See Williams v. Bowen*, 844 F.2d 748 (10th Cir.1988).

Mrs. Baker additionally asserts that the Secretary failed its burden to fully and fairly develop the record. *See Jordan v. Heckler*, 835 F.2d 1314, 1315 (10th Cir. 1987). We agree. We are at a loss to understand why the Secretary ordered a consultative physical examination without requesting that recent x-rays of Mrs. Baker's spine be taken. This failure is especially egregious in light of the fact that Mrs. Baker was not represented by coun-

sel,[1] was unable to secure her treating physician's records or afford new x-rays, and was complaining primarily of pain and stiffness due to arthritis, a disease commonly confirmed by x-rays. *See Banks v. Bowen,* 672 F.Supp. 310, 320 (N.D.Ill.1987); *Diller v. Bowen,* 654 F.Supp. 628, 630 (W.D.Pa.1987). In addition, given the potential probative value of the records of Mrs. Baker's treating physician, *cf. Reyes v. Bowen,* 845 F.2d at 244 ("the Secretary must give substantial weight to the evidence and opinion of the claimant's treating physician"), we question why the Secretary did not subpoena those records pursuant to 20 C.F.R. § 404.950(d) (1988) when it appeared that Dr. Smith was recalcitrant in providing them. *See, e.g., Donato v. Secretary of Dep't of Health & Human Servs.,* 721 F.2d 414, 419 (2d Cir.1983) (Secretary had duty to take further post-hearing action to obtain treating physician's records); *Smith v. Bowen,* 687 F.Supp. 902, 906 (S.D.N.Y.1988) (directing ALJ on remand to obtain complete medical records on plaintiff and further assessments by treating and consulting physicians). Consequently, we conclude that the Secretary failed in his important burden of fully and fairly developing the record by neglecting to obtain new x-rays of Mrs. Baker's spinal region and the notes, laboratory results, and other records of Mrs. Baker's treating physician. Moreover, his reliance on the dearth of objective medical evidence to support the denial of benefits was, under these circumstances, erroneous. *See Cruz v. Heckler,* 593 F.Supp. 45, 52 (S.D.N.Y.1984).

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED and the cause is REMANDED for further proceedings in accordance herewith. On remand, the ALJ should procure Mrs. Baker's medical records from her treating physician, as well as further consultative x-rays. The ALJ should then evaluate all the evidence to determine whether Mrs. Baker's medical conditions render her disabled.

The mandate shall issue forthwith.

---

**1.** Mrs. Baker was represented by Kaethe Wainwright, a paralegal with Legal Services of Eastern Oklahoma, Inc. While we recognize that paralegals do possess certain legal training and experience, *see Hudson v. Heckler,* 755 F.2d 781, 784 (11th Cir.1985), the ALJ nevertheless has the affirmative duty to fully and fairly develop the record regardless of whether the applicant is represented by an attorney or a paralegal, *Todd v. Heckler,* 736 F.2d 641, 642 (11th Cir.1984); *Smith v. Bowen,* 687 F.Supp. 902, 906 (S.D.N.Y. 1988); *Ceballos v. Bowen,* 649 F.Supp. 693, 698 (S.D.N.Y.1986).