52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clinton E. DYER, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-6267.
(D.C. No. CIV-93-849-A)
 United States Court of Appeals, Tenth Circuit.
 April 17, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant-appellant Clinton E. Dyer appeals the district court's affirmance of the Secretary's decision denying his application for social security disability benefits. Because the Secretary did not consider all of Mr. Dyer's medically documented impairments in making her decision, we reverse and remand the case for further proceedings.
 
 
 4
 Mr. Dyer suffered a number of work-related accidents in 1986 and 1987. In June 1986, he suffered injuries to his lower back and left foot when pushing a steel plate onto rollers. An MRI revealed degenerative changes in his lumbar spine from L1 through L5, and the existence of two herniated discs at L3-4 and L4-5. Mr. Dyer underwent a discectomy and laminectomy, returning to work several months later. He continued to suffer pain, a limited range of motion, and difficulties with his left leg and foot.
 
 
 5
 In January 1987, Mr. Dyer suffered injuries to his head, mouth, and neck when he was hit in the face with an iron hook. He lost several teeth, and, in June 1987, X-rays and an MRI of Mr. Dyer's cervical spine revealed several bulging discs, narrowing of the C5-6 disc space, and the development of osteophytes. In November 1987, Mr. Dyer suffered a crush injury when a steel plate fell on his left foot. Mr. Dyer continued to work until he was laid off in March 1989.
 
 
 6
 In October 1989, Mr. Dyer filed for social security disability benefits, alleging an inability to work after March 30, 1989, due to his back, leg and neck, and due to his hypertension. The Social Security Administration (SSA) denied his initial application and his request for reconsideration. Instead of appealing the denial, Mr. Dyer filed a new application on June 15, 1990. The new application again alleged disability from March 30, 1989, due to degenerative disc disease of the lumbosacral spine and osteoarthritis of the cervical spine. After Mr. Dyer's application and request for reconsideration were denied, he requested a hearing before an administrative law judge (ALJ).
 
 
 7
 After a hearing, the ALJ rejected Mr. Dyer 's claim for social security benefits. He first found that because Mr. Dyer did not appeal the denial of his former application, res judicata precluded a finding of disability for the period before the March 8, 1990 decision. Considering the period after that date, the ALJ found that Mr. Dyer's post-laminectomy back condition constituted a severe impairment, but that his impairment did not meet or equal a listed impairment. The ALJ concluded that although Mr. Dyer could not return to his former work, he retained the ability to perform sedentary work, and that a significant number of jobs existed in the national economy which Mr. Dyer could perform. The Appeals Council denied review, thus making the ALJ's determination the final decision of the Secretary.
 
 
 8
 Mr. Dyer appealed the Secretary's decision to the United States District Court for the Western District of Oklahoma, arguing that the ALJ failed to consider all of his impairments in combination. Specifically, Mr. Dyer argued that the disability determination was without support because the ALJ disregarded medical evidence of impairment of the cervical spine, degenerative changes in the lumbar spine, and residual effects from a foot injury. He also argued that the ALJ's evaluation of his subjective complaints was inadequate.
 
 
 9
 The case was referred to a magistrate judge, who recommended that the decision be affirmed, reasoning that despite the ALJ's failure to identify any impairment other than Mr. Dyer's residual back impairment following the laminectomy, he "obviously credited the medical evidence of functional restrictions in both the cervical spine and the lumbar spine." R. at 262. This observation was based on the ALJ's finding that Mr. Dyer could not perform repetitive bending or twisting, and a question to the vocational expert which included a prohibition on repetitive twisting of the neck. Id. The district court adopted the magistrate judge's recommendation, and this appeal followed.
 
 
 10
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 11
 On appeal, Mr. Dyer argues that the ALJ committed legal error by failing to consider his cervical spine impairment, degenerative changes in his lower back, and the injury to his left foot, in combination with his post-laminectomy back impairment. Mr. Dyer also argues that the ALJ did not evaluate his subjective complaints properly, and that the district court erred in considering new, irrelevant issues.
 
 
 12
 In considering a claimant's eligibility for benefits, the Secretary must "consider the combined effect of all [the claimant's] impairments, without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. 404.1523; see also 42 U.S.C. 423(d)(2)(C). Failure to consider all such impairments in combination is a legal error that precludes a conclusion that the Secretary's decision is supported by substantial evidence. See, e.g., Hargis v. Sullivan, 945 F.2d 1482, 1491-92 (10th Cir.1991)(holding ALJ's failure to consider claimant's mental impairment in combination with other impairments was legal error undermining Secretary's decision).
 
 
 13
 Here, the record contains undisputed medical evidence that Mr. Dyer suffers from impairment to his cervical spine, including disc bulging, encroachment of the neural foramina, spurring, narrowing of several intervertebral spaces, and the development of osteophytes. See R. at 183, 192, 194, 242. Medical reports document physical manifestations of the cervical impairment, including a reduced range of motion in the neck, decreased grip strength, muscle weakness, and reduced sensation in the extremities, id. at 189-91, 193, 227-29, as well as Mr. Dyer's consistent history of reporting pain and numbness in his arms and hands, id. at 189, 198, 207, 208, 213. Uncontradicted medical evidence also identifies degenerative changes in Mr. Dyer's lumbar spine at locations not affected by his laminectomy. See id. at 176, 194. Finally, there is medical evidence that Mr. Dyer's crush injury resulted in residual impairment to his left foot. Id. at 243-44.
 
 
 14
 The ALJ's decision, however, fails to identify any of these impairments in assessing Mr. Dyer's eligibility for benefits, and fails to consider their combined effect. Contrary to the magistrate judge's conclusion, the ALJ's decision does not indicate that these impairments were considered when assessing Mr. Dyer's residual functional capacity, his credibility, or the existence of jobs which Mr. Dyer can perform. The restrictions on Mr. Dyer's ability to bend and twist identified by the ALJ may simply have been limitations flowing from the residual back impairment, without any reference to the cervical impairment or degenerative disc disease in the lumbar spine.
 
 
 15
 "Where the record on appeal is unclear as to whether the ALJ applied the appropriate standard by considering all the evidence before him, the proper remedy is reversal and remand." Baker v. Bowen, 886 F.2d 289, 291 (10th Cir.1989). Because it appears that the ALJ disregarded uncontradicted evidence of several impairments, the case must be reversed and remanded for further proceedings. We need not address Mr. Dyer's remaining claims of error.
 
 
 16
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED to the district court with directions to remand to the Secretary for further proceedings.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation