UNITED STATES COURT OF APPEALS
**Filed 10/28/96**
FOR THE TENTH CIRCUIT

RONNIE M. SUTTERFIELD,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 96-7025
(D.C. No. CV-95-15-S)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[***] District Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Ronnie Sutterfield appeals the district court's affirmance of the decision by the Secretary of Health and Human Services denying his application for social security disability benefits. Because the record does not contain substantial evidence to support the Secretary's decision that claimant can perform the full range of sedentary work, we reverse and remand for further proceedings.

On May 22, 1993, claimant was involved in a car accident resulting in a compression fracture of his L3 vertebra. After a three-day hospital stay, claimant was released, and was seen by orthopedist Sauer four times over the next four months. Dr. Sauer treated claimant with a corset, pain medication, and exercises, restricted claimant's lifting to no more than twenty-five pounds, and noted that the compression fracture was healing in position. Based on claimant's complaints of radiating pain, Dr. Sauer ordered an MRI, which revealed disc bulging with "possible" impression on the nerve root. R. II at 83. Dr. Sauer's records note that claimant's right hip pain appeared to increase with weight bearing on the

right foot, but that there was "no significant problem with the left lower extremity except when sitting for long periods of time." Id. at 86. After reviewing the MRI, Dr. Sauer recommended abdominal and lumbar strengthening exercises, and advised claimant that he needed to start using over-the-counter analgesics rather than prescription painkillers. Claimant's last visit to Dr. Sauer was on September 8, 1993, with no record of medical treatment after that date.

At a hearing before an administrative law judge (ALJ), claimant and his father testified that claimant's back pain limited his activities significantly, stating that he spent up to eighty percent of his time in bed, id. at 96; that he could not lift anything heavier than a newspaper, id. at 95; that he could not stand longer than six minutes or walk more than four minutes, and could not sit very long, id. at 95-96; that stooping, bending, pushing, pulling, and riding in a car aggravated his pain, id. at 96-97; that the pain caused nausea and affected his ability to concentrate, id. at 97; that he took both prescription and over-the-counter pain medication, id. at 92; and that he used a cane and a back brace regularly, id. at 98. Claimant also testified that he had recently seen his family physician for pain, and that he did not return to Dr. Sauer because he owed him too much money. Id. at 93.

The ALJ found that claimant showed a complete inability to perform substantial gainful activity for a time, but that he failed to show his disabling

condition lasted, or was expected to last, more than twelve months. The ALJ concluded that although claimant could not return to his former work, he had regained the ability to perform the full range of sedentary work within twelve months of his accident. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary. The district court affirmed, and this appeal followed.

We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may "neither reweigh the evidence nor substitute our judgment" for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Claimant argues that substantial evidence does not support the conclusion that he can perform sedentary work. We agree. Once claimant showed that he could not return to his former employment, the burden shifted to the Secretary to show that claimant retained the residual functional capacity to perform other work. See Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).

Although the ALJ found that the Secretary met this burden, by showing that claimant could perform the full range of sedentary work, we see no basis in the record upon which this finding could be made. Other than the testimony of claimant and his father, there is no evidence regarding claimant's ability to perform the exertional requirements of sedentary work, except for Dr. Sauer's opinion that claimant could lift up to twenty-five pounds. Instead, the ALJ relied on the fact that claimant discontinued treatment in September 1993 to support his conclusion that claimant's condition had improved sufficiently to permit sedentary work.

"The absence of evidence is not evidence." Thompson, 987 F.2d at 1491. Here, as in Thompson, claimant testified that he discontinued treatment for financial reasons. Also as in Thompson, the ALJ failed to order a consultative examination to determine claimant's capabilities. Further, although claimant testified that he had recently seen a family physician, no effort was made to obtain this medical record. Because the ALJ's findings regarding claimant's residual functional capacity are not supported by substantial evidence, which he had the power to obtain, this case must be remanded for further proceedings. See id. at 1491-92; see also Ragland v. Shalala, 992 F.2d 1056, 1058-60 (10th Cir. 1993)(holding ALJ's finding that claimant could perform sedentary work unsupported, when records did not show ability to sit for prolonged periods,

former medical records not obtained, and failure to seek treatment due to financial inability); <u>Baker v. Bowen</u>, 886 F.2d 289, 292 (10th Cir. 1989)(holding ALJ's reliance on dearth of objective medical evidence erroneous when such evidence was within his power to obtain).

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED and REMANDED for further proceedings.


Entered for the Court


Michael R. Murphy
Circuit Judge