**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CHERYL TOLBERT,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,*

     Defendant-Appellee.

No. 96-5120
(D.C. No. 94-C-1001-W)
(N.D. Okla.)

**ORDER AND JUDGMENT***

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

     Plaintiff Cheryl Tolbert appeals from the district court's order affirming the

Secretary's decision denying her application for disability benefits and

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security. P.L. No. 103-296. In the text we continue to refer to the
Secretary because she was the appropriate party at the time of the underlying
administrative decision.

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

supplemental security income.[1]  Ms. Tolbert claimed disability due to pain in her back and legs, and to depression.  The administrative law judge (ALJ) determined at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that Ms. Tolbert retained the residual functional capacity (RFC) to perform sedentary work.  On appeal, Ms. Tolbert asserts that substantial evidence does not support the ALJ's determination that she is not disabled due to her mental impairments because the ALJ failed to consider and accord proper weight to documented evidence of her mental impairments.      We agree, and reverse and remand.

We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards.  Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994) (citations and quotation omitted).

---

[1]      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Ms. Tolbert injured her back in a work-related accident in 1987. She testified at her administrative hearing that her back pain prevents her from lifting, concentrating, doing any housework, driving, shopping, exercising, or engaging in social activities. Appellant's App. Vol. II, at 94-97, 102, 114, 116, 140-45. She testified she sleeps twelve to fifteen hours a day, and spends her day lying in bed or on the couch. Id. at 95, 104, 115-16, 142-43. Physical examinations of Ms. Tolbert performed in 1988 through 1992 indicated there was no objective medical support for many of Ms. Tolbert's subjective complaints of pain. Id. at 261, 271-76, 289-90, 293-94. Several of these reports indicated that Ms. Tolbert overstated her complaints, and made unnecessary moans, groans and complaints of pain. Id. at 274-75, 293, 352.

In January 1993, Ms. Tolbert went to Dr. Hickman for a consultative psychological examination. Dr. Hickman administered the Weschler Adult Intelligence Scale - Revised (WAIS-R) test, the Shipley Test, and the Minnesota Multiphasic Personality Inventory (MMPI). Dr. Hickman reported that Ms. Tolbert's IQ was 66 as measured by WAIS-R, although her IQ as measured by the Shipley test was 81. Id. at 345. Dr. Hickman also diagnosed Ms. Tolbert with somatoform pain disorder,[2] explaining that Ms. Tolbert's MMPI results were

---

[2] A somatoform disorder exists when there are "[p]hysical symptoms for which there are no demonstrable organic findings or known physiological
(continued...)

consistent with those found among individuals experiencing significant depression, lowered activity levels, apathy, and helplessness, those who try to use histrionic defense mechanisms, and those whose physical complaints have hysterical qualities. Id. at 344, 346. Dr. Hickman also completed a "Medical Assessment of Ability to do Work-Related Activities (Mental)" form, in which he rated as either "fair" or "poor" Ms. Tolbert's ability to follow work rules, relate to coworkers, deal with the public, use judgment with the public, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, follow complex or detailed job instructions, behave in an emotionally stable manner, relate predictably in social situations, or demonstrate reliability. Id. at 350-51. Use of the term 'fair' (or 'poor') on this form is evidence of disability. See Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 618 (10th Cir. 1995).

---

[2](...continued)
mechanisms." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.07. The disorder causes a claimant to exaggerate her physical problems in her mind beyond what the medical data indicate. Easter v. Bowen, 867 F.2d 1128, 1130 (8th Cir. 1989). Such a disorder may itself be disabling. Id. Ms. Tolbert was diagnosed with a subgroup of somatoform disorder called somatoform pain disorder, which is indicated where pain is the predominant complaint, the pain is of sufficient severity to warrant clinical attention, causes significant impairment in social or occupational functions, and is not better accounted for by a mood, anxiety or psychotic disorder. American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), (4th ed. 1994), pp. 458-462. Assuming the diagnosis of somatoform pain disorder is correct, the pain symptoms are not intentionally produced or feigned. Id. at 461.

In determining that Ms. Tolbert was not disabled, the ALJ found that her testimony and, particularly, complaints of pain were not credible because they lacked objective medical support and because the medical evidence showed that Ms. Tolbert exaggerated her complaints. The ALJ's findings made no reference to Dr. Hickman's diagnosis of somatoform pain disorder, and did not consider whether Ms. Tolbert's exaggerated complaints were a manifestation of this disorder, affecting her perception of pain. See Winfrey v. Chater, 92 F.3d 1017, 1021 (10th Cir. 1996) (holding that the ALJ must consider whether a diagnosis of somatoform disorder affected claimant's perception of pain). The ALJ did not include any mental limitations in his hypothetical inquiries to the vocational expert at plaintiff's hearing.

The ALJ completed a psychiatric review technique (PRT) form, finding that Ms. Tolbert did not have somatoform disorder, but did have affective disorders and mental retardation, although the ALJ stated that Ms. Tolbert's IQ as measured by WAIS-R was "lower than [it] should be because of [Ms. Tolbert's] lack of credibility." Appellant's App. Vol. II, at 27-28. In evaluating what functional limitations these mental impairments imposed, the ALJ found only slight restrictions on Ms. Tolbert's daily activities and social functioning, and found that Ms. Tolbert seldom experienced deficiencies of concentration, persistence or pace, and never experienced episodes of deterioration or decompensation in work

-5-

or work-like settings.  Id. at 28.  These findings were contrary to those of Dr. Hickman's, as well as to Ms. Tolbert's testimony.

When a claimant for disability benefits or supplemental security income presents evidence of a mental impairment that allegedly prevents a claimant from working, the Secretary must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. §§ 404.1520a and 416.920a, and the Listing of Impairments and document the procedure accordingly.  Cruse, 49 F.3d at 617.  Documentation is made by completing a PRT form, which the ALJ must attach to his written decision.  "[T]he record must contain substantial competent evidence to support the conclusions reached on the PRT form[, and] if the ALJ prepares the form himself, he must 'discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form.'"  Id. at 617-18 (quoting Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994)).

The ALJ is required to "evaluate every medical opinion" he receives, 20 C.F.R. § 404.1527(d), and to "consider all relevant medical evidence of record in reaching a conclusion as to disability,"  Baker v. Bowen, 886 F.2d 289, 291 (10th Cir. 1989).  "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."  Clifton v. Chater, 79 F.3d 1007,  1010 (10th Cir.1996); see also Taylor v. Schweiker, 739

F.2d 1240, 1243 (7th Cir. 1984)("[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.") (quoting Whitney v. Schweiker, 695 F.2d 784, 788 (7th Cir. 1982)).

We conclude that the ALJ erred in rejecting Dr. Hickman's diagnosis of somatoform pain disorder without providing any explanation for doing so, and that this error infected his evaluation of Ms. Tolbert's subjective complaints of pain and, therefore, his evaluation of her credibility. See Winfrey, 92 F.3d at 1021. Similarly, the ALJ failed to discuss why his conclusions on the PRT form differed from Dr. Hickman's findings. See Washington, 37 F.3d at 1442. The only aspect of Dr. Hickman's report the ALJ discussed in his decision was Ms. Tolbert's low IQ scores, which the ALJ concluded were not representative because of her history of overstating her problems and lack of credibility. Appellant's App., R. Vol. II, at 21, 28. In concluding that Ms. Tolbert's scores were depressed, the ALJ noted that a consultative examination of Ms. Tolbert performed by Dr. Karathanos on behalf of the agency four days after Dr. Hickman's examination indicated Ms. Tolbert was overstating her problems but did not indicate any change in her scores. Id. at 21. However, Dr. Karathanos is a neurologist, not a psychologist, and there is no indication in his report that he performed any psychological or intelligence testing of Ms. Tolbert. Dr. Hickman's report is the only mental evaluation of Ms. Tolbert in the record, and

we find no evidence in the record refuting any of his findings.  Indeed, the observations in numerous medical reports that Ms. Tolbert overstates her problems may well be consistent with his diagnosis of somatoform pain disorder.

The ALJ's failure to discuss or consider uncontroverted, probative evidence of disability requires us to reverse and remand for proper consideration of Ms. Tolbert's mental impairments.  On remand, the ALJ will also need to reassess the credibility of Ms. Tolbert's testimony, considering the possible effect of the diagnosis of somatoform pain disorder.  See Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987) (holding that one of the factors an ALJ should consider in evaluating allegations of pain is "the possibility that psychological disorders combine with physical problems").  In turn, because many of the ALJ's findings, including those on the PRT form, were predicated on his credibility determination, the ALJ will need to reconsider these findings as well.  Finally, the ALJ will need to evaluate whether Ms. Tolbert's mental impairments meet or equal a listed impairment, or whether the evidence supports the existence of a severe nonexertional impairment that must be considered as affecting Ms. Tolbert's residual functional capacity to perform work.  See Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir. 1991).  These findings may dictate the need for additional vocational expert testimony.  See Cruse, 49 F.3d at 619 (requiring

"expert vocational testimony or other similar evidence" when mental impairments diminish a claimant's residual functional capacity).

In conclusion, we determine that the ALJ's decision was not supported by substantial evidence. Therefore, we REVERSE and REMAND the case to the district court with directions to REMAND to the Commissioner for further proceedings consistent with this order and judgment.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge