**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 26 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTY DUNCAN,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 98-5002
(D.C. No. 96-CV-782-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Christy Duncan filed a claim for supplemental security income benefits on January 28, 1994, alleging a disability beginning on July 1, 1992, due to fibromyalgia; chronic pain in her back, hands, fingers, arms and legs; depression; muscle spasms; dizziness; and headaches. After a hearing, an administrative law judge (ALJ) denied her claim at step five of the evaluation sequence. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). He decided at step four that plaintiff has no past relevant work. At step five, he found that she retains the residual functional capacity (RFC) to perform the full range of light work without any significant nonexertional limitations. Relying conclusively on Rule 202.17 of the medical-vocational guidelines (the "grids"), 20 C.F.R. pt. 404, subpt. P, app. 2, the ALJ decided that plaintiff is not disabled. The Appeals Council denied review, making the ALJ's decision the final agency decision. Plaintiff then brought this suit. The district court adopted the magistrate judge's recommendation that the agency's decision be affirmed. Plaintiff appeals. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

On appeal, plaintiff asserts that the ALJ: (1) improperly disregarded the treating physicians' and consultative examiner's opinions; and (2) erred in relying conclusively on the grids to find that she is not disabled. We review the agency's decision on the whole record to determine only whether the factual findings are

supported by substantial evidence and the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

At step five, "the burden shifts to the [agency] to show that the claimant retains the residual functional capacity (RFC) to do other work that exists in the national economy." Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citing Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991) and 42 U.S.C. § 423(d)(2)(A)). "[A]n ALJ may not rely conclusively on the grids unless he finds (1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." Id. at 1488. In this case, the ALJ made a legal error that improperly shifted the burden back to plaintiff at step five. In addition, the ALJ's finding that plaintiff has no significant nonexertional impairments is not supported by substantial evidence.

All three doctors whose reports appear in the record agree that plaintiff has fibromyalgia. See Appellant's App., Certified District Court Record (Record) at 115 (Dr. Cox), 121 (Dr. Cosby), 126 (Dr. Berger). Fibromyalgia is defined as a syndrome of pain in the fibrous tissues, muscles, tendons, ligaments, etc. See The Merck Manual of Diagnosis & Therapy, at 1369 (Robert Berkow & Andrew J.

-3-

Fletcher eds., 16th ed. 1992). The ALJ discussed plaintiff's pain at step four, where plaintiff bore the burden to show that she could not return to her past relevant work. See Record at 16-18. By addressing plaintiff's pain at step four, however, the ALJ improperly left the burden with plaintiff to prove she had a significant nonexertional impairment, instead of accepting the burden to show by substantial evidence that she did not have a significant nonexertional impairment. See Thompson, 987 F.2d at 1488. This was error.

In addition, the ALJ stated that plaintiff's pain was limiting without defining the limitation and supporting that finding with substantial evidence. See Record at 18. The ALJ also appears to have considered primarily whether plaintiff's pain was totally disabling and to have given short shrift to the possibility that it was significant even if not disabling. See id. We note the inconsistency of finding that a pain syndrome is severe at step two and insignificant at step five.

Next, the ALJ stated that plaintiff's claim that she must lie down several times during the day because of pain is unsupported. However, "[t]he pain [of fibromyalgia] is aggravated by strain or overuse," The Merck Manual of Diagnosis & Therapy, at 1370, and is accompanied by symptoms such as poor sleep and fatigue, see id. Plaintiff's problems with sleep disturbances and fatigue

are documented.  See Record at 126.  Therefore, it is not apparent what evidence supports the ALJ's finding that she need not lie down periodically during the day.

Next, the ALJ stated that plaintiff takes medication and has never mentioned side effects to her doctors.  He said that plaintiff never complained to them of numbness or dizziness.  The record shows that dizziness was one of her initial complaints--Dr. Cox underlined it in his notes.  See id. at 116.  It is not clear whether this symptom was resolved.  More importantly, both plaintiff and her representative at the administrative hearing told the ALJ that her main treating physician, Dr. Berger, refused to give her copies of all of her medical records.  See id. at 32, 48.  The ALJ appears to have made no attempt to obtain the rest of Dr. Berger's notes, even though that evidence is obviously material to plaintiff's claim.  "An ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing."  Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996); see also Baker v. Bowen, 886 F.2d 289, 291-92 (10th Cir. 1989); 20 C.F.R. § 416.1444.  The ALJ also has the power to subpoena such records if necessary.  See Baker, 886 F.2d at 292; 20 C.F.R. § 416.1450(d)(1).  Therefore, the ALJ should obtain the rest of Dr. Berger's records on remand.  See Carter, 73 F.3d at 1022.  Without them, he has no substantial evidence to support any finding that plaintiff failed to report a complaint to her doctors and it therefore does not exist.  Moreover, the

medical records before us show only that plaintiff obtains "some relief" from the medications prescribed by Dr. Berger. See Record at 118-19. At one point, Dr. Berger commented that plaintiff was "doing great!" Id. at 127. She released so few pages of records, however, that there is no context for us to interpret her remark. See generally id. at 126-36.

Next, the ALJ found that plaintiff's report of daily activities caring for her two school-age daughters was inconsistent with "her complaints of totally disabling pain." Id. at 18. The record shows, however, that plaintiff works sporadically on household tasks, lying down intermittently; that she gets help accomplishing things that need to be done; and that her daughters do some things for her as well as for themselves. See id. at 39-40, 100, 104, 108, 112, 119, 146, 156. "[T]he ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain. The 'sporadic performance [of household tasks or work] does not establish that a person is capable of engaging in substantial gainful activity.'" Thompson, 987 F.2d at 1490 (quoting Frey v. Bowen, 816 F.2d 508, 516-17 (10th Cir. 1987)).

Finally, the ALJ stated that plaintiff's doctors had placed no restrictions on her. However, plaintiff reported to Dr. Cosby, the agency's examining physician, that she "ha[d] been advised not to do any bending, stooping or pulling on heavy objects." Record at 110. Because the ALJ found that plaintiff can do light work,

and light work includes jobs requiring "pushing and pulling of arm or leg controls," 20 C.F.R. § 416.967(b), her restrictions matter greatly. If plaintiff cannot perform all the functions of light work as it is defined by the regulations, then she cannot perform the full range of light work, a vocational expert should have been called, and the grids should not have been applied conclusively. See Thompson, 987 F.2d at 1487, 1491; Trimiar v. Sullivan, 966 F.2d 1326, 1332-33 (10th Cir. 1992).

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED with directions for the district court to remand to the agency for further proceedings in accordance with this order and judgment.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-7-