**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHEILA BARNES,

  Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

  Defendant-Appellee.

No. 98-5156
(D.C. No. 97-CV-514-M)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** and **KELLY** , Circuit Judges, and **BROWN** ,** Senior
District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**      Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Claimant Sheila Barnes appeals from the district court's order affirming the Social Security Administration's denial of disability benefits.  Claimant filed an application for disability benefits in 1994 with an alleged disability date of December 14, 1993.  Her application was denied initially and again upon reconsideration.  After a hearing, the administrative law judge (ALJ) found claimant not disabled and denied benefits.  The Appeals Council denied her request for review.  Claimant filed a complaint in federal      district court.  That court affirmed the agency's denial of benefits.

Our jurisdiction arises under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.  We review the agency's decision to determine whether the factual findings are supported by substantial evidence on the record viewed as a whole and whether the agency applied correct legal standards.      *See Castellano v. Secretary of Health & Human Servs.*  , 26 F.3d 1027, 1028 (10th Cir. 1994).  On appeal, claimant contends that the ALJ ignored record medical evidence, improperly discounted the credibility of her testimony at the hearing, and failed to properly apply correct legal standards in evaluating her allegations of pain.  We agree, and remand this case to the agency for further proceedings.

The common basis for appellant's challenges to the agency's ruling is the ALJ's apparent decision not to consider claimant's medical records predating her alleged disability date. This decision is indicated by the ALJ's statements that claimant "complained of headaches only once in the medical evidence," and that no objective medical evidence demonstrated a problem with leg pain. Appellant's App. at 22. [1] As claimant notes in her brief, however, her history of back and leg pain, headaches, and corresponding treatment is well documented in the medical record. While we acknowledge that there is little medical evidence after the alleged disability date, the medical evidence prior to that time is clearly relevant to the impairments and pain that claimant is now alleging. *See Gardner v. Brian*,

---

[1]     It is also indicated by what appears to be boilerplate language that the ALJ carefully reviewed all of the medical evidence except those exhibits omitted because they "relate to a time not covered by the claim, illegibility, duplicity, different physicians reporting the same diagnoses, physician duplication of hospitalization records, failure to state a diagnosis, statement of the claimant's complaints without a diagnosis, prescription of medication only, etc." Appellant's App. at 21. This kind of general disclaimer does not excuse an ALJ from careful consideration of all the relevant evidence and from linking findings to specific evidence. *See Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988). Further, because the ALJ does not identify which exhibits fall within the parameters of this list, we cannot tell which exhibits he omitted. This failure may itself be grounds for reversal. *See Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989). Indeed, actual reliance on the boilerplate could itself result in reversal, since certain of the ALJ's stated criteria for omitting consideration of medical exhibits–such as the failure of a physician to state a diagnosis–contradict an ALJ's duty to consider all relevant medical evidence, *see id.*, 20 C.F.R. § 404.1527(d). This is especially true where, as here, the ALJ relies on a paucity or lack of complaints to treating sources on the record to reject claimant's allegations of disabling pain.

369 F.2d 443, 447 (10th Cir. 1966). The ALJ may not simply ignore that medical evidence and then base his rejection of claimant's allegations on a lack of relevant evidence.

Further, the ALJ compounded this error by discounting claimant's credibility based on the supposed lack of medical evidence corroborating her complaints. Her testimony at the hearing about her back and leg pain and headaches was consistent with her complaints in the medical evidence predating her alleged disability date. Because that evidence is relevant, the ALJ's failure to consider it undermines his decision regarding claimant's credibility. *See Huston*, 838 F.2d at 1133.

The ALJ also found claimant's testimony about her pain not credible based on his observation that claimant has not regularly sought treatment for headaches or back pain since her alleged disability date. His opinion states that this failure is inconsistent with the amount of pain alleged, but does not mention claimant's testimony at the hearing that she could not afford to go to a doctor regularly or to have her medication prescriptions filled. *See* Appellant's App. at 56-57. This failure to consider claimant's testimony also undermines his credibility determination. *See Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). [2]

---

[2] We note further that the ALJ cited claimant's apparent comfort at the hearing as a basis for his finding that her complaints were not fully credible.
(continued...)

We also agree with claimant that the ALJ improperly applied the classic pain analysis set forth in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). Therein, this court rejected the argument that disabling pain must be demonstrated by the severity of the impairment involved. Instead, we concluded that disability claimants must demonstrate only a "loose nexus" between the pain alleged and the medically determinable impairment. *Id.* at 164. "Accordingly, if an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence." *Id.* Here, in considering claimant's allegations of back pain, the ALJ not only failed to consider all of the relevant evidence, as noted above, he also relied on the severity of the impairment involved to reject claimant's allegations. The medical evidence shows that claimant suffered from a ruptured disk and subsequent lumbar strain. The ALJ stressed that X-rays showed only mild degenerative disk disease and that an MRI showed only a slight bulge at L5-S1. *See* Appellant's App. at 20. He concluded that there was only "a *minimal* basis for pain," *id.* at 22, and that her diagnosis of

[2](...continued)
However, the hearing transcript indicates that claimant asked to stand during the hearing and stated that her pain level was seven on a one-to-ten scale. *See* Appellant's App. at 45, 42. While the ALJ acknowledged claimant said she was in pain during the hearing, *see id.* at 20, the record does not support the ALJ's statement of comfort at the hearing, and he cites no observations that would support his statement.

lumbar strain "is consistent with only mild back pain, not disabling pain," *id.* at 23. This is exactly the sort of analysis that *Luna* rejected. The ALJ should have considered all of the relevant evidence regarding claimant's allegations of pain instead of relying almost exclusively on the medical record. Further, although the ALJ did recite some of the factors set out in *Luna* in connection with claimant's allegations of disabling pain, he failed to link those factors with medical evidence on the record. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

Finally, claimant also argues that the ALJ posed an incorrect hypothetical to the vocational expert (VE), and ignored VE testimony favorable to her. We need not reach this issue, given our decision to reverse and remand the case for further proceedings. We do note, however, that the ALJ's failure to consider all of the medical evidence relevant to claimant's allegations also allowed him to ignore the VE's testimony at the hearing that if claimant suffered headaches to the extent alleged–and we also note that her testimony was consistent with the medical evidence predating her alleged disability date–she would be unable to maintain employment because of absenteeism from work. *See* Appellant's App. at 64-65. [3]

---

[3]     Additionally, although not raised on appeal, we note that the ALJ erred in assessing claimant's residual functional capacity. Claimant testified that she could lift only five pounds, using both hands. *See* Appellant's App. at 45. She testified that lifting a gallon of milk out of the refrigerator caused pain down her
(continued...)

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and this case is REMANDED to the district court with direction to REMAND to the agency for further proceedings consistent with this disposition.

Entered for the Court

Wesley E. Brown
Senior District Judge

---

[3](...continued)
back and across her chest. There is evidence in the medical record that one of claimant's treating physicians limited her lifting at work, and claimant testified that her employer did not allow her to lift anything at work. *See id.* at 51, 308. Nonetheless, the ALJ concluded that claimant could lift at least ten pounds. His reasoning: "The claimant alleges no pain or limitation in her upper extremities and none is shown in the medical evidence, therefore the claimant can lift at least 10 pounds, which is the maximum lifting requirement for sedentary work." *Id.* at 22-23. This conclusion is not supported by substantial record evidence; there is no evidence that claimant can lift 10 pounds.