**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHRISTY D. CONKLE,

> Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

> Defendant-Appellee.

No. 07-6104
(D.C. No. CIV-06-786-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLLOWAY**, **BARRETT**, and **SEYMOUR**, Circuit Judges.

---

Plaintiff Christy D. Conkle, proceeding pro se, appeals from an order of the

district court adopting the magistrate judge's recommendation to affirm the Social

Security Commissioner's denial of disability benefits. Ms. Conkle argues on

appeal that the Commissioner (1) failed to fully consider her mental-impairment

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

evidence and (2) did not properly assess her credibility. "We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). Because we conclude the correct legal standards were not applied, we reverse and remand for further proceedings.

I.

Ms. Conkle filed an application seeking disability benefits from January 20, 1997, through September 30, 2004, the last date she was insured. She asserted disability due to schizophrenia, depression, anxiety, bipolar disorder, panic attacks, headaches, a knee injury, and carpal tunnel syndrome. The administrative law judge (ALJ) found that she had severe impairments of bipolar disorder and right knee injury, but that she was not disabled at step four of the five-step sequential evaluation process, *see generally Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), because she had the residual functional capacity (RFC) to perform her past relevant work as a production assembler. After the Appeals Council denied review, Ms. Conkle, who was represented by counsel, sought judicial review in district court. In a written report and recommendation, the magistrate judge recommended that the Commissioner's decision be affirmed. Ms. Conkle, through her counsel, filed a timely objection, asserting that her past work in production assembly was not substantial gainful employment because she

performed the job for less than two months, her actual gross earnings were less than the magistrate judge assumed, and her work ended due to her medical conditions. The district court adopted the magistrate judge's recommendation and affirmed the Commissioner's denial of benefits. Ms. Conkle filed this appeal pro se, challenging the ALJ's assessment of her credibility and her mental impairments with respect to her ability to perform substantial gainful activity.

## II.

The Commissioner argues that Ms. Conkle waived the issues she presents on appeal because she did not specifically object to the portions of the magistrate judge's report and recommendation finding no ALJ error in assessing her credibility or mental impairments. Although it is a close question whether Ms. Conkle's objections preserved for review the issues she seeks to raise on appeal, we believe her objections were sufficient. Accordingly, we proceed to address the issues she raises on appeal.

## III.

### A. *Mental-Impairment Evidence*

Ms. Conkle argues that the ALJ failed to consider the relevant medical evidence about her mental impairments, including medical reports of her treating doctors. Also, she argues that the ALJ failed to fully consider her mental impairments and their effect at steps three and four of the sequential evaluation

process.[1]  We agree with Ms. Conkle that the ALJ failed to review the reports of her treating doctors and did not properly evaluate the evidence at steps three and four.

It is settled that the ALJ is required to "evaluate every medical opinion" she receives.  20 C.F.R. § 404.1527(d); *see also Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989) (requiring ALJ to "consider all relevant medical evidence of record in reaching a conclusion as to disability").  Most importantly, an ALJ must fully evaluate evidence from a claimant's treating doctors:

> Under the regulations, the agency rulings, and our case law, an ALJ must "give good reasons in [the] notice of determination or decision" for the weight assigned to a treating physician's opinion.  20 C.F.R. § 404.1527(d)(2); *see also* Social Security Ruling 96-2p, 1996 WL 374188, at *5; *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).  Further, the notice of determination or decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  SSR 96-2p, 1996 WL 374188, at *5.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); *see also id.* at 1300-01 (setting out framework for evaluating treating source medical opinions).  Furthermore, the ALJ must discuss the uncontroverted evidence she did not rely

---

[1]     In her reply brief, Ms. Conkle makes a conclusory argument that her physical impairments also prohibit her from working.  She did not make this argument in her opening brief, and we therefore do not consider it.  *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

upon in her decision and any significantly probative evidence that she rejects. *See Frantz v. Astrue*, 509 F.3d 1299, 1303 (10th Cir. 2007).

In this case, the ALJ did not follow these legal standards. Her decision referenced only an August 1, 2005, report of a social worker, who assessed Ms. Conkle after the expiration of her last insured date, and a September 17, 2003, report of a consultative psychologist, who examined Ms. Conkle only once. Much other medical evidence appears in the record. Ms. Conkle testified, and the record reflects, that she went to the Mary Mahoney Memorial Health Center for mental health treatment several times from 1998 to 2003. Also, Ms. Conkle testified that in 2003 and 2004 she received treatment/counseling from Dr. Ghazani every three months for depression, panic attacks, crying, and bipolar disorder, and reports in the record show that Dr. Ghazani provided Ms. Conkle regular treatment. Nonetheless, the ALJ did not mention any of the evidence from her treating doctors and therefore did not discuss, evaluate, or weigh the evidence. Nor did the ALJ mention or evaluate any of the reports from Ms. Conkle's multiple visits to the North Care Center/Community Counseling Center in 2003 and 2004. By ignoring the evidence of Ms. Conkle's treating sources and instead relying on reports from the social worker and the consulting doctor, the ALJ failed to comply with established legal standards requiring her to evaluate all of the medical evidence and make specific findings as to the weight she accorded the treating sources.

We recognize that the ALJ stated that she had considered all of Ms. Conkle's symptoms and all of the medical opinion evidence. And we recognize that "an ALJ is not required to discuss every piece of evidence." *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). But this is a case where we will not assume the ALJ actually considered all of the evidence. *Cf. Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) ("[O]ur general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter."). The ALJ's cursory decision, which fails to even mention the majority of the medical evidence in the record, certainly does not "demonstrate that [she] considered all of the evidence." *Clifton*, 79 F.3d at 1009.

Because the ALJ failed to consider all of the medical evidence, she could not and did not properly consider whether Ms. Conkle was disabled at steps three or four of the sequential evaluation process. In concluding at step three that Ms. Conkle's impairments do not meet Listing 12.04A and B, *see* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04A, B, the ALJ merely referred to her step-four discussion. As we discuss below, however, this is not a case where the "ALJ's findings at [step four] of the sequential process may provide a proper basis for upholding a step three conclusion that [Ms. Conkle's] impairments do not meet or equal any listed impairment." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). The ALJ's decision does not discuss any evidence addressing the questions posed by Listing 12.04A and B. Thus, we cannot review the ALJ's bare

conclusion at step three. *See Clifton*, 79 F.3d at 1009 ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that appellant's impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion.").

At step four, after summarizing parts of Ms. Conkle's hearing testimony and parts of the social worker's and the consultative psychologist's reports, the ALJ concluded that

> [a]fter careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of light work with the need for simple to detailed, but not complex job instructions; no more than occasional public contact; no customer service and no more than occasional contact with co-workers.

Aplee. App., Vol. II at 19. The ALJ fails to state how she reached this conclusion or what evidence she relied on to reach this conclusion. The social worker's and consultative psychologist's reports are insufficient to reach this conclusion as neither discusses the type of work Ms. Conkle can perform. Likewise, the ALJ's indication that Ms. Conkle can perform her past work as a production assembler based on her RFC and the testimony of the vocational expert is merely conclusory and is not supported with appropriate findings based on any record evidence. Because the ALJ simply drew conclusions without analyzing and weighing the

evidence and without making appropriate findings based on that evidence, we cannot review those conclusions.

Because we cannot meaningfully review the ALJ's decision and because we do not weigh the evidence, we remand to the district court to remand to the Commissioner to consider and discuss the relevant evidence, to provide reasons for accepting or rejecting the evidence, and to apply correct legal standards. *See Clifton*, 79 F.3d at 1009-10.[2]

*B. Credibility*

Next, Ms. Conkle argues the ALJ erred in assessing her credibility. Because we remand for the ALJ to fully examine the mental impairment evidence we also remand for the ALJ to reassess Ms. Conkle's credibility after considering that evidence.

IV.

The judgment of the district court is VACATED, and the case is REMANDED with directions to remand to the Commissioner for further proceedings to fully consider the medical evidence and Ms. Conkle's credibility in light of that evidence. We GRANT Ms. Conkle's motions for leave to proceed

---

[2]    If, upon remand, the ALJ reaches step four, she must consider Ms. Conkle's RFC under the standards set forth in *Winfrey v. Chater*, 92 F.3d 1017, 1023-26 (10th Cir. 1996). *See Frantz*, 509 F.3d at 1303-04.

on appeal in forma pauperis and to file her reply brief out of time. But we DENY

as moot her implied request to present new medical evidence on appeal.[3]

Entered for the Court

William J. Holloway, Jr.
Circuit Judge

---

[3]    Ms. Conkle attaches to her opening brief evidence that was not before the ALJ. Although we limit our review to the administrative record, *see* 42 U.S.C. § 405(g); *Carter v. Chater*, 73 F.3d 1019, 1022 n.3 (10th Cir. 1996), we note that on remand, Ms. Conkle can submit this evidence to the ALJ.