**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KIMBERLY J. FLORES,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No.  99-2369
(D.C. No. CIV-98-1024-LH)
(D. N.M.)

**ORDER AND JUDGMENT**  *

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*	This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Kimberly Flores appeals the denial of her claims for disability and supplemental security income (SSI) benefits. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and reverse.

Claimant filed applications for benefits in October 1994, claiming she had been unable to work since October 1, 1991, due to asthma and depression. Her requests for benefits were denied initially and upon reconsideration. She then received a hearing before an administrative law judge (ALJ), at which she and a vocational expert (VE) testified.

The ALJ denied claimant's applications at step four of the evaluation sequence. *See generally Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). He concluded that claimant had severe impairments consisting of depression, stress, asthma, and dependent personality disorder. *See* Appellant's App., Vol. II at 13, 18. He further determined, however, that she did not have a listed impairment or combination of listed impairments, and that she retained the residual functional capacity (RFC) to perform work-related activities except for work involving lifting more than twenty-five pounds, walking more than ten minutes at a time, sitting more than six hours, and standing more than six hours in an eight-hour day. *See id.* at 18. The ALJ found claimant's subjective complaints to be credible only to the extent that she is limited to the full range of light work. Based on the opinion of a consulting psychiatrist that claimant could do simple

-2-

jobs consisting of one or two-step repetitive tasks, the ALJ further found that claimant's mental impairments limit her to simple work activities. Finally, relying on the opinion of the VE, the ALJ determined that the requirements of claimant's past relevant work as a telemarketer, a data entry operator, and a bank clerk were not precluded by these limitations. He therefore concluded that claimant was not disabled. The Appeals Council denied review, making the ALJ's decision the final agency decision.

The district court adopted the report and recommendation of the magistrate judge and affirmed the Commissioner's decision. We review the ALJ's decision to determine whether his factual findings are supported by substantial evidence and whether he correctly applied the relevant legal standards. *See Castellano v. Secretary of Health & Human Servs*, 26 F.3d 1027, 1028 (10th Cir. 1994).

Claimant argues that the ALJ failed to perform the analysis required at the step-four determination and that his credibility finding is contrary to the evidence and the law. Step four of the sequential analysis is comprised of three phases. "In the first phase, the ALJ must evaluate a claimant's physical and mental [RFC], . . . and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work." *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) (citing Soc. Sec. R. 86-8, Soc. Sec. Rep. Serv., Rulings 1983-1991, 423, 427 (1992) and 20 C.F.R. § 404.1520(e)). "In the final phase,

the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id.* (citing Soc. Sec. R. 82-62, Soc. Sec. Rep. Serv., Rulings 1975-1982, 809). The burden of proving disability remains with the claimant at step four; however, the ALJ does have a duty "of inquiry and factual development." *Henrie v. United States Dep't of Health & Human Servs*, 13 F.3d 359, 361 (10th Cir. 1993).

In the first part of her step-four argument, claimant contends the ALJ erred in concluding that claimant had the RFC to engage in the full range of light work. With regard to claimant's physical RFC, we find that substantial evidence supports the ALJ's conclusion that claimant's physical impairments, caused presumably by her asthma, do not preclude the full range of light work. Claimant is able to cook, clean, do her shopping, and care for her children. *See* Appellant's App., Vol. II at 107; 353-55. Claimant does not allege disabling pain. Her asthma is basically stable, *see id.* at 260, 269-70, 307-08, 317, and inhalers and nebulizers help control claimant's occasional asthmatic episodes. *See id.* at 260, 263, 296. There is no objective medical evidence in the record to support a conclusion that claimant is physically unable to do light work.

The ALJ's conclusion regarding claimant's mental RFC, however, is not so well supported. The ALJ's basic conclusion regarding claimant's mental RFC is

that "[h]er depression and personality disorder limit her to simple tasks." Appellant's App., Vol. II at 17. Our review of the record convinces us that several aspects of claimant's mental condition were overlooked by the ALJ and need to be factored into the matrix.

The ALJ is required to "evaluate every medical opinion" he receives, 20 C.F.R. §§ 404.1527(d), 416.927(d), and to "consider all relevant medical evidence of record in reaching a conclusion as to disability," *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989). "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996). While we acknowledge that an ALJ need not discuss every item of evidence, *see id.* at 1009-10, he may not rely solely on portions of the record that support his decision and ignore evidence favorable to a claimant, *see Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984).

Dr. Carol Jones, M.D., examining claimant on behalf of the Commissioner, found claimant to be plagued by "[d]isturbance of mood, accompanied by a full or partial manic or depressive syndrome," as evidenced by the presence of "dysthymic disorder." *Id.* at 50. Dr. Jones further noted that claimant's personality disorder caused "either significant impairment in social or

occupational functioning or subjective distress," as evidenced by claimant's "[p]athological dependence." *Id.* at 52. The ALJ's decision does not refer to this evidence.

Dr. Carlos Balcazar, a consultative psychiatrist, agreed that claimant has dysthymic disorder and atypical personality disorder with passive and dependent traits. *See id.* at 285. Dr. Balcazar stated that "[t]he optimal functioning during the course of the last year has been poor." *Id.*[1] The Commissioner does not dispute claimant's characterization of this rating to mean a "marked impairment in either social relations or occupational functioning, or moderate impairment in both." Appellant's Opening Br. at 22 (quotation omitted). There is no discussion of this evidence in the ALJ's decision.

In addition to the evidence from Dr. Balcazar and Dr. Jones, claimant's treating physician, Dr. H. J. Sobel, diagnosed claimant with recurrent major depression and assigned her a rating of fifty-five on the Global Assessment of Functioning Scale (GAF). *See* Appellant's App., Vol. II at 326.[2] A GAF rating

---

[1] Dr. Balcazar's report is dated April 28, 1995. The relevant time period for claimant's disability claim is October 1, 1991 through December 31, 1991, the date she was last insured for disability benefits. The relevant time period for the SSI claim is from the date the application was filed, October 19, 1994, through the date of the ALJ's decision, October 18, 1996. Dr. Balcazar's evidence, therefore, is relevant only to claimant's SSI application.

[2] The Global Assessment of Functioning, or GAF, scale is used by clinicians to report an individual's overall level of functioning. *See* American Psychiatric

(continued...)

between fifty-one and sixty indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflict with peers or co-workers)." American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 1994) (DSM-IV). The ALJ did not discuss this evidence or provide a reason to disregard the opinion of a treating physician. *See Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

At the administrative hearing, claimant testified that she had worked as a substitute aide for the Association for Retarded Citizens, *see* Appellant's App., Vol. II at 342, as a data entry operator, *see id.* at 344, and as a bank bookkeeper, *see id.* at 375. While the ALJ did question claimant about some of her past jobs, he did so mostly in an effort to establish her rate of pay and reasons for leaving. *See id.* at 342-45. As mentioned above, the ALJ concluded that claimant could return to her past relevant work as telemarketer, data entry operator, and bank clerk. The ALJ erred in making this determination, however, because he did not make specific findings regarding the demands of claimant's past work and improperly relied on expert vocational testimony as the sole basis for his

---

[2](...continued)
Assoc., Diagnostic and Statistical Manual of Mental Disorders 30 (4th ed. 1994). The scale does not evaluate impairments caused by physical or environmental factors. *See id.*

-7-

conclusion that claimant's impairments did not preclude the performance of her past relevant work. *See Winfrey,* 92 F.3d at 1024-25 (requiring fact findings regarding past work and discouraging practice of delegating fact-finding responsibility to vocational expert). The evidence accepted by the ALJ is that claimant can do only simple work consisting of one or two-step tasks. Because there are no specific findings regarding the requirements of claimant's past relevant work, however, we cannot say that substantial evidence establishes that such work is of a sufficiently simple nature to enable her to return to it.

While the ALJ need only consider work demands which have a bearing on claimant's medically established limitations, *see id.* at 1024, there is sufficient medical evidence of mental impairment in this record to trigger this duty. Claimant testified that her depression makes it difficult to be around people, *see* Appellant's App., Vol. II at 346, and that it occasionally prevented her from leaving her house for an entire day, *see id.* at 372. She reported that she left her job as an aide for the Association of Retarded Citizens because of her depression. *See id.* at 344. Where, as here, the claimant suffers from a severe mental impairment that does not meet the listings, the consideration of the mental RFC must include an assessment of the ability "to interact appropriately with the public, supervisors, and co-workers." *See Washington v. Shalala,* , 37 F.3d 1437, 1440 (10th Cir. 1994) (discussing 20 C.F.R. pt 404, subpt. P., App 1, § 12.00(c)).

The Commissioner argues that the vocational summary completed by claimant and the VE's summary regarding the skill levels of claimant's past relevant work should suffice to satisfy the *Winfrey* phase-two requirement. We disagree. Claimant's summary is directed chiefly at the mechanical requirements of her past jobs and briefly describes the parameters of her duties. *See* Appellant's App., Vol. II at 84-88. No information is provided regarding the mental or emotional requirements of those positions. Similarly, the VE's summary omits any information about the mental demands of claimant's past relevant work. *See id.* at 331.

Additionally, the VE summary described all of claimant's past jobs as semi-skilled. *See* Appellant's App., Vol. II at 331. The ALJ, however, found that "claimant's mental impairments limit her to simple work activities." *Id.* at 18. There is no explanation for this discrepancy in the ALJ's decision.

Soc. Sec. R. 82-62 requires that, in cases involving a mental and/or emotional impairment, clear factual evidence must be developed regarding the mental demands of a claimant's past relevant work:

> care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.

SSR 82-62, Soc. Sec. Rep. Serv., Rulings 1975-1982, at 812. The Commissioner argues that, without evidence in the record that claimant suffered from tension and anxiety, there was no need for the ALJ to obtain the precise description of claimant's prior job duties. This argument ignores the Agency's own requirement that the rationale for a step-four conclusion finding a claimant capable of returning to past relevant work must be clearly linked to specific evidence in the record: "The rationale [for a decision that a claimant can return to past work] must follow an orderly pattern and show clearly how specific evidence leads to a conclusion." *Id.*

Because the ALJ failed to make *any* findings regarding the mental requirements of claimant's past relevant work, it is impossible to connect the ALJ's rationale to evidence in the record. The ALJ also failed to consider uncontradicted evidence of mental impairment. His decision, therefore, is not supported by substantial evidence and must be reversed. Upon remand, the ALJ will need to develop the evidence regarding claimant's past relevant work and will also need to revisit his credibility determination in light of all the evidence in the record regarding claimant's mental impairment.

The judgment of the United States District Court for the District of New Mexico is REVERSED, and this case is REMANDED to the district court with directions to REMAND to the Commissioner for further proceedings in conformance with this order and judgment.

Entered for the Court

Robert H. Henry
Circuit Judge