**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRENDA C. BAKER,

       Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

       Defendant-Appellee.

No. 03-7041
(D.C. No. 02-CV-307-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **HARTZ** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Brenda C. Baker appeals from the denial of social security disability benefits. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995). Based on these standards, we reverse and remand for additional proceedings.

Facts

Claimant was born in March 1955 and is forty-eight years old now. Aplt. App. at 94. She has a high school equivalency diploma. Id. at 36-37. She is married and has three children. Id. at 95, 149. Her past work included jobs as an airline reservationist, mental health assistant therapist, and postal relief carrier. Id. at 41-43, 108. She alleges a disability beginning on April 1, 1997, based on chronic back pain secondary to injury, chronic headaches, paresthesias of the scalp, chronic nausea, obesity, and pain in her legs. Id. at 94, 107, 150. Shortly before her alleged onset date, she was helping to move hay and was riding on the back of a truck; a chain broke and dropped the tailgate; and she was dropped onto the ground, ending up in a sitting position. Id. at 43, 137, 180. As a result, she

-2-

suffered a mild compression fracture in her back at T-11.     Id. at 71, 132, 137-38, 179-80.  She also suffered a lumbar strain in December 1998 when she was knocked down by one of her horses.     Id. at 157.  In addition to her back impairments, she is obese–her height is just under five feet, eight inches and, on February 11, 2000, she weighed 288 pounds.     Id. at 149-50.

At the disability hearing, claimant testified that she is in pain every day, even though she does prescribed exercises and uses a TENS unit.     Id. at 46-48.  She said that because of pain, she can sit for only five to ten minutes before she needs to change positions,    id. at 58-59; stand for only five to fifteen minutes,     id. at 59; walk for only a block,    id. at 61; lift only two gallons of milk, and that with pain and difficulty,    id.; sometimes bend to put on her socks and shoes, but not always,  id. at 62; drive a vehicle, but not for any distance,      id.; and that, since her back injury, she has never gone eight hours without lying down to relieve pain,       id. at 66-67.

## The Administrative Decision

The administrative law judge (ALJ) denied the claim at step five of the evaluation sequence.   See generally   Williams v. Bowen  , 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five-step sequence).  At step one, he found that claimant had not worked at substantial gainful activity since April 1, 1997.  Aplt. App. at 19.  At step two, he found that her severe impairments were chronic back

pain secondary to a compression fracture at T11 and obesity. Id. at 19, 24. At step three, he found that her impairments did not meet any of the listings. Id. At step four, he rejected her complaints of disabling pain and held that although she could not return to her past work, she retained the residual functional capacity (RFC) to perform the full range of sedentary work. Id. at 19, 21, 24. As a consequence of his step-four RFC finding, the ALJ found at step five that claimant was not disabled under either Rule 201.21 or Rule 201.28 of the medical-vocational guidelines (the "grids"). Id. at 23, 25; see also 20 C.F.R., pt. 404, subpt. P, app. 2, Rules 201.21, 201.28. The Appeals Council denied review, making the ALJ's decision the final agency decision. Aplt. App. at 12.

## Issues on Appeal

On appeal, claimant argues that the ALJ erred: (1) in applying the grids, because she cannot perform the full range of sedentary work; and (2) in failing to consider the limitations of her obesity, as required by the social security rulings. Based on the record and the applicable law, claimant's claims of error have merit.

## Legal Analysis

At step five, the ALJ has the burden to prove that the claimant retains the RFC to perform work other than her past relevant work. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). "It is not [the claimant's] burden . . . to

prove she cannot work at any level lower than her past relevant work; it is the [agency's] burden to prove that she can." Id. at 1491.

In many cases, an ALJ may rely conclusively on the grids, through which the agency "has taken administrative notice of the number of jobs that exist in the national economy at the various functional levels ( i.e., sedentary, light, medium, heavy, and very heavy)." Channel v. Heckler , 747 F.2d 577, 579 (10th Cir. 1984) (per curiam). An ALJ may not rely conclusively on the grids, however, unless the claimant has the RFC for a full range of a level of work on a daily basis and can do most of the jobs in that range. Id. at 579-80 (discussing relevant regulations). The use of the grids is inappropriate when a claimant has a nonexertional impairment, such as pain, unless the ALJ can support a finding that the nonexertional impairment is insignificant. Thompson , 987 F.2d at 1488; 20 C.F.R., pt. 404, subpt. P, app. 2, § 200.00(e). Claimant argues that, contrary to the ALJ's finding, she cannot perform the full range of sedentary work because of pain. If the ALJ cannot rely conclusively on the grids in this case, he "must cite examples of occupations or jobs the individual can do and provide a statement of the incidence of such work in the region where the individual lives or in several regions of the country." Soc. Sec. R. 96-9p, 1996 WL 374185, at *5.

The ALJ should assess RFC once, in detail, at step four. See Winfrey v. Chater , 92 F.3d 1017, 1023 (10th Cir. 1996); Soc. Sec. R. 96-8p, 1996 WL

374184, at *1.  The ALJ must make specific findings as to RFC, <u>Winfrey</u>, 92 F.3d at 1023, and these findings must be supported by substantial evidence, <u>see</u> <u>Haddock v. Apfel</u>, 196 F.3d 1084, 1088 (10th Cir. 1999).  "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. § 404.1545."  Soc. Sec. R. 96-8p, at *1.  Thus, the ALJ must assess the "physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)."  20 C.F.R. § 404.1545(b).  The rulings state that

> [i]n assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., <u>8 hours a day, for 5 days a week</u>, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.  The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

Soc. Sec. R. 96-8p, 1996 WL 374184, at *7 (emphasis added) (footnote omitted).

In this case, the ALJ made both errors raised by claimant and another error we necessarily raise.  First, he disregarded claimant's allegations of pain in making his RFC assessment, even though he found her chronic back pain to be a

severe impairment at step two.  The ALJ's step-two finding makes it impossible to conclude at step four that her pain was insignificant, and he therefore erred by relying conclusively on the grids.  On remand, he must assess the level of pain she suffers, and determine whether there are jobs she can do with that level of pain.  Thompson , 987 F.2d at 1490.

In addition, when the ALJ determined claimant's RFC he improperly failed to discuss the effect her obesity has on her exertional, postural, and social functions, as required by Social Security Ruling 02-01p, 2000 WL 628049, at *6.  The agency recognizes that "[o]besity can cause limitation of function,"       id., and that "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity,"     id.  For this reason, the ALJ must assess the effects of claimant's obesity in conjunction with her back problem and "explain how [h]e reached [his] conclusions on whether obesity caused any physical or mental limitations."     Id. at *6-*7.  Although the agency's ruling on obesity applies at all steps of the evaluation sequence, the ALJ clearly did apply it at step two, and claimant does not argue that she meets a listing at step three on account of her obesity.  Therefore, on remand, the ALJ should revisit the issue starting at step four.

Finally, we add that the ALJ erroneously decided that claimant retains the RFC for the full range of sedentary work, without supporting his findings with

substantial evidence. See Aplt. App. at 19; Haddock , 196 F.3d at 1088.

Moreover, the only document in the record that could conceivably support his conclusion is a checkmark-style RFC assessment done by an agency medical consultant. See Aplt. App. at 170-77. That form is insufficient, as we have long held that "[s]uch [checkmark-style] evaluation forms, standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence." Frey v. Bowen , 816 F.2d 508, 515 (10th Cir. 1987). This RFC assessment carries a few handwritten lines of notes from the medical evidence and a statement that the assessment is based on the medical evidence. See Aplt. App. at 171, 177. Because the agency medical consultant provided no thorough explanation, however, the RFC assessment does not constitute substantial evidence under Frey . In any event, there is no record evidence to support the conclusions on the form. No doctor has defined claimant's capability for walking, standing, or sitting, let alone, bending, stooping, climbing, etc. There is a lack of evidence about what she can do apart from her own testimony, which the ALJ rejected. None of her doctors has defined either the level of exertion that she can perform or the limitations, if any, on her movement or posture on account of her obesity or her pain. For these reasons, the ALJ was not in a position to make any RFC determination–there is no evidence to support such a finding.

The agency expressly requires "[t]he adjudicator [to] . . . make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Soc. Sec. R. 96-8p, 1996 WL 374184, at *5. And because a disability hearing is nonadversarial, an ALJ is obligated to develop the record even where, as here, the claimant is represented by counsel. Thompson, 987 F.2d at 1492. Finding no substantial evidence upon which to base an RFC finding, the ALJ should have recontacted claimant's physicians. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2001); 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 404.1512(f), 404.1519a(a)(1). If any of claimant's doctors has more records than he or she provided, the ALJ has the power to subpoena them, if necessary. See Baker v. Bowen, 886 F.2d 289, 292 (10th Cir. 1989); 20 C.F.R. § 404.950(d)(1). If additional records either do not exist or are insufficient to clarify the inconclusive evidence already in the record, then the ALJ should order a consultative examination. See 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 404.1512(f), 404.1519a(a)(1).

Because the ALJ's RFC finding is not supported by substantial evidence, his decision based on the grids cannot stand.

## Conclusion

For all of these reasons, the ALJ's decision must be reversed and the case remanded for further proceedings.

The judgment of the district court is REVERSED and case is REMANDED for additional proceedings consistent with this decision.

Entered for the Court


Michael W. McConnell
Circuit Judge