**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HELEN DEWITT,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

Defendant-Appellee.

No. 09-3250
(D.C. No. 6:08-CV-01257-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **BALDOCK**, and **TACHA**, Circuit Judges.

---

Helen DeWitt appeals from the district court's order affirming the Social

Security Commissioner's denial of her application for disability insurance

benefits. She argues that the Administrative Law Judge (ALJ) who decided her

case (1) inadequately considered her obesity; and (2) improperly weighed the

opinions of treating and examining medical sources. We have jurisdiction under

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We reverse and remand on the first issue, and therefore, we do not reach the second issue.

## BACKGROUND

DeWitt alleged that she became disabled in October 2001, at the age of 40, due to thoracic outlet syndrome, capsulitits of her right shoulder, overuse syndrome, and bilateral ulnar nerve numbness. According to DeWitt, these conditions resulted in the loss of her job in the bindery department of a factory because she could not grab, hold, lift, or reach for objects. When her application for benefits was denied, she requested a hearing, and expanded her medical conditions to include obesity. Aplt. App., Vol. 2 at 127.

An ALJ conducted a hearing and determined that DeWitt was not disabled. The Social Security Administration's Appeals Council vacated the decision, however, and remanded the case with instructions that the ALJ re-evaluate the treating and examining source opinions, and take testimony from a vocational expert.

On remand, DeWitt testified before a different ALJ that she is a high-school graduate, with some college hours, weighed 280 pounds and is 5'8" tall. She indicated that her biggest medical problems were numbness in her right shoulder/arm, bilateral numbness in her fingers, a herniated disc in her upper neck, and pain in her knees.

Dr. Malcolm Brahms, a non-examining orthopedist, testified via telephone that his review of the medical records showed that DeWitt suffers from "problems with her neck, with her right shoulder, bilateral carpal tunnel syndrome and an element of depression." *Id.* at 60. Consequently, he believed DeWitt could perform sedentary work with restrictions on gripping, grasping, reaching, fingering, pushing, pulling, climbing, and crawling. He further testified that he disagreed with the opinion of one of DeWitt's treating physicians, Dr. A. L. Sharma, who had prepared a residual functional capacity (RFC) assessment that essentially disqualified DeWitt from all sedentary work. Dr. Brahms also identified two other RFC assessments, one of which again disqualified DeWitt from sedentary work. *See id.* at 61 (Dr. Brahms' testimony identifying agency RFC assessments performed by Dr. J. F. Legler and ARNP Cheryl Rajotte). But Dr. Brahms did not articulate the basis for his disagreements. When cross-examined by DeWitt's counsel, Dr. Brahms indicated that he also disagreed with a four-hour sitting limitation imposed by Dr. Joseph Galate, who had examined DeWitt and treated her as part of her worker's compensation case. Dr. Brahms explained, "She doesn't sit on her hands and her shoulders. So, I see no reason that sitting should be a problem." *Id.* at 63.

A vocational expert (VE) testified that a hypothetical claimant could not perform DeWitt's past work if restricted to "sedentary exertional work with no overhead reaching on the right, no stooping, bending, crawling, no vibration, no

keyboarding, no repetitive fingering and handling." *Id.* at 81. But the VE did identify sedentary, unskilled jobs in the national economy that the hypothetically restricted claimant could perform, such as security-systems monitor, telephone solicitor, and credit authorizer.

After the hearing, the ALJ found that DeWitt suffers from four severe impairments: status post repair of a partial rotator cuff tear, status post carpal tunnel surgeries, degenerative disc disease in the neck, and obesity. Nevertheless, the ALJ concluded that DeWitt was not disabled, as there were other jobs in the national economy that she could perform with her RFC. In reaching that conclusion, the ALJ gave "considerable weight" to Dr. Brahms' testimony about DeWitt's limitations. *Id.* at 25. The ALJ also mistakenly stated that Dr. Brahms had testified about DeWitt's obesity. *Id.* at 21.

DeWitt unsuccessfully sought review from the Appeals Council, and then petitioned the federal district court for relief. The district court upheld the ALJ's determination, prompting the instant appeal.

## DISCUSSION

## I. Standards of Review

We review the ALJ's "decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).

-4-

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

The Social Security Administration employs a five-step framework to determine whether a claimant is disabled and entitled to benefits. *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009). At step four, an "ALJ must evaluate a claimant's physical and mental [RFC]." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotation omitted). RFC represents "the most [that the claimant] can still do despite [her] limitations," 20 C.F.R. § 404.1545(a)(1), and must include "all of [the claimant's] medically determinable impairments," *see id.* § 404.1545(a)(2).

## II.  Evaluation of Obesity

DeWitt argues that the ALJ failed to properly assess her RFC in light of her obesity. We agree. Social Security Ruling (SSR) 02-1p requires an ALJ to consider the effects of obesity when assessing RFC, including the fact that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." Titles II & XVI:  Evaluation of Obesity, SSR 02-1p, 2000 WL 628049, at *1 (Sept. 12, 2002). Thus, an ALJ may "not make assumptions about the severity or functional effects of obesity combined with other impairments," but rather, must "evaluate each case based on the information in the case record." *Id.* at *6.

Here, in setting DeWitt's RFC, the ALJ gave "considerable weight" to Dr. Brahms' testimony. Aplt. App., Vol. 2 at 25. But in doing so, the ALJ mistakenly believed that Dr. Brahms had identified obesity as one of DeWitt's medical conditions. In fact, Dr. Brahms offered no opinion about the functional effects of DeWitt's obesity, either singularly or in combination with her other conditions. He simply never mentioned obesity.[1] Further, Dr. Brahms indicated that he disagreed with the four-hour sitting limitation imposed by Dr. Galate because "[s]he doesn't sit on her hands and her shoulders." *Id.* at 63. Apparently, Dr. Brahms was referring to DeWitt's carpal-tunnel syndrome and rotator-cuff tear as her only limitations. But as noted in SSR 02-1p, obesity may limit exertional functions like sitting, and it could contribute to problems with hand manipulation, *see* 2000 WL 628049 at *6, beyond the effects of her carpal-tunnel syndrome. Also, Dr. Brahms summarily disagreed with Dr. Sharma's RFC assessment, which identified significant exertional limitations on sitting and standing. And despite identifying two agency RFC determinations that were in stark disagreement over DeWitt's exertional capabilities, Dr. Brahms offered no explanation as to why he agreed with one, but not the other. Given Dr. Brahms' failure to mention DeWitt's obesity and his quick dismissal of conflicting medical

---

[1]     Even after the ALJ summarized certain medical records and mentioned "obesity," Dr. Brahms recounted DeWitt's medical conditions without reference to her obesity. *See* Aplt. App., Vol. 2 at 59, 60.

opinions, we fail to see how the ALJ's reliance on his testimony could satisfy the duty to consider the effects of DeWitt's obesity on her other severe impairments.

The Commissioner argues that the ALJ adequately conisidered the functional impacts of DeWitt's obesity, given that the ALJ's decision recognizes she is obese and ultimately limits her to sedentary work with certain restrictions. But there is nothing in the decision indicating how or whether her obesity influenced the ALJ in setting those restrictions. Rather, it appears that the ALJ's RFC assessment was based on "assumptions about the severity or functional effects of [DeWitt's] obesity combined with [her] other impairments"—a process forbidden by SSR 02-1p. *See* 2000 WL 628049 at *6.

The district court rejected DeWitt's obesity argument on several grounds. First, the district court stated that DeWitt failed to claim obesity as an impairment. But she clearly raised it when she requested a hearing before an ALJ, and the ALJ determined that her obesity was a severe impairment. Second, the district court noted that DeWitt was obese before she filed for disability benefits, when she was working. But that fact hardly answers the extent to which her obesity impacted the functional limitations caused by her other recognized severe impairments, which led the ALJ to conclude that she could no longer perform her past work. Finally, the district court cited several cases, including *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005), which suggest that an ALJ's failure to explicitly consider the functional effects of obesity is harmless

error if the ALJ adopts the limitations suggested by doctors who were aware of the claimant's obesity. The Third Circuit has indicated, however, that *Rutherford* does not apply where, as here, the claimant's "obesity was urged, and acknowledged by the ALJ, as a severe impairment[.]" *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009). Similarly, we have insisted on compliance with SSR 02-1p where "the ALJ failed to give adequate consideration to the effect of [the claimant's] obesity in combination with her other severe impairments." *Hamby v. Astrue*, 260 F. App'x 108, 112 (10th Cir. 2008); *see also Baker v. Barnhart*, 84 F. App'x 10, 14 (10th Cir. 2003).

Because the ALJ's decision fails to indicate adequate consideration of DeWitt's obesity in relation to her other impairments and her RFC, we cannot affirm the denial of benefits. As such, we agree with DeWitt's assertion that this case must be remanded to ensure compliance with SSR 02-1p.

## CONCLUSION

We REVERSE the judgment of the district court, and we REMAND the case to the district court with instructions to remand to the Commissioner for further proceedings in accordance with this order and judgment.

Entered for the Court

Mary Beck Briscoe
Chief Judge

-8-